**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

GRACE ALBANESE,

           Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

           Defendant.

Case No. 2:17-cv-01600-JAD-VCF

**ORDER AND ORDER TO SHOW CAUSE**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 1) AND COMPLAINT (ECF No. 1-1)

      Before the Court are Plaintiff Grace Albanese's Application to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). For the reasons stated below, the Court orders Albanese to show cause why she should not be declared a vexatious litigant.

### I. *In Forma Pauperis* Application

      Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Courts may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." *Id*. Determining what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the courts, based on the information submitted by the plaintiff. *See, e.g.*, *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980) ("A district court has discretion to grant or deny an in forma pauperis petition filed under [§] 1915."); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

      Albanese has requested authority to proceed *in forma pauperis* and submitted the required

affidavit. *See* ECF No. 1. Albanese brings in a small amount every week from "panhandling." *Id*. She has no other income or assets. *Id*. The Court finds that she is unable to pay fees and costs. The Court grants her application to proceed *in forma pauperis*.[1]

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). In screening the complaint, the court applies the same standard typically used to assess motions to dismiss: a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980); *see also* 5B Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 1357 (3d ed. 2010).

Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

---

[1] *But see* LSR 1-6 ("The court may limit an applicant's use of *in forma pauperis* status if the court finds that the applicant has abused the privilege to proceed in this manner.").

*Pro se* litigants, however, "should not be treated more favorably than parties with attorneys of record," rather, they must follow the same rules of procedure that govern other litigants. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**A. The Instant Complaint and History**

    **a. Albanese's Actions Before This Court**

Since March 2016, Albanese has filed 28 federal cases in the district of Nevada, 26 of which are currently ongoing, and 5 of which are before this Court.[2] In 15 of Albanese's cases, she has sued the same defendant—Las Vegas Metropolitan Police Department ("Metro"). Many of Albanese's actions assert the same set of allegations: unknown persons stalk or spy on Albanese in her room and when she travels about, sometimes using listening devices or even hacking into her phone, but federal and state law enforcement ignore her pleas for help and have not captured the wrongdoers. Albanese asserts similar legal claims in all her cases.

---

[2] **(1)** *Albanese v. Federal Bureau of Investigations* 2:16-cv-00529-KJD-NJK (March 2016); **(2)** *Albanese v. Transportation Security Administration*, case no. 2:16-cv-00530-GMN-CWH (March 2016); **(3)** *Albanese v. Homeland Security of the United States, Las Vegas, NV*, case no. 2:16-cv-00531-RFB-VCF (March 2016); **(4)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:16-cv-00532-RFB-GWF (March 2016); **(5)** *Albanese v. Regional Transportation Commission of Southern Nevada*, case no. 2:16-cv-01882-APG-PAL (Aug. 2016); **(6)** *Albanese v. Las Vegas Metro Police Dept.*, case no. 2:17-cv-00577-GMN-PAL (Feb. 2017); **(7)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01087-GMN-GWF (April 2017); **(8)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01284-MMD-NJK (May 2017); **(9)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01285-JCM-VCF (May 2017), *appeal docketed*, no. 17-16127 (9th Cir. May 31, 2017); **(10)** *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01286-JAD-PAL (May 2017); **(11)** *Albanese v. Department of Homeland Security*, case no. 2:17-cv-01287-JCM-PAL (May 2017); **(12)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01520-JAD-CWH (May 2017); **(13)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01544-RFB-PAL (June 2017); **(14)** *Albanese v. Las Vegas Metropolitan Police Department et al*, case no. 2:17-cv-01573-JCM-GWF (June 2017); **(15)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01574-RFB-PAL (June 2017); **(16)** *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01599-JAD-VCF (June 2017; **(17)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01600-JAD-VCF (June 2017); **(18)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01613-APG-PAL (June 2017); **(19)** *Albanese v. Federal Bureau Of Investigation*, case no. 2:17-cv-01614-JAD-PAL (June 2017); **(20)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01633-JAD-VCF (June 2017); **(21)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01634-RFB-CWH (June 2017; **(22)** *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01635-JAD-CWH (June 2017); **(23)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01640-MMD-VCF (June 2017); **(24)** *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01641-JAD-GWF (June 2017); **(25)** *Albanese v. Homeland Security*, case no. 2:17-cv-01642-RFB-GWF (June 2017); **(26)** *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01662-JAD-NJK (June 2017); **(27)** *Albanese v. Homeland Security*, case no. 2:17-cv-01663-JCM-NJK (June 2017); and **(28)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01664-JCM-GWF (June 2017).

In the instant action, Albanese brings suit against Metro for (1) allegedly violating her civil rights under 42 U.S.C. § 1983 by denying Albanese equal protection "for allowing the same male to stalk … [her] on a daily basis;" (2) public corruption; and (3) obstruction of justice.[3] *See* ECF No. 1-1. The complaint states in its entirety the following:

> The Las Vegas Police Department on June 8, 2017 allowed a person of interest to continue stalking me. Desert Inn / Paradise 10:43 am he is so confident he is not going to be arrested for stalking he even waits for me to catch up with him then he departs the area as I am calling the police. The police who instead of catching up with the repeat stalker (10:34 am [unintelligible word] / Desert Inn); 10:30 am Cambridge / Desert Inn; the police are driving pass me with sirens blarring 11:27 am North on Paradise @ Convention Center as the stalker gets away to stalk me on my return trip home. Every day when I call for help the police never arrive to help.

*Id*. The claims and factual allegations raised in Albanese's complaint against Metro are identical to those raised in other actions brought by Albanese. To illustrate, the Court has included the following examples.

In *Albanese v. Las Vegas Metropolitan Police Department*, Albanese sued Metro for violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection, and obstruction of justice. *See Albanese v. Las Vegas Metropolitan Police Department*, Case No. 2:17-cv-01285-JCM-VCF, ECF no. 1-1, *appeal docketed*, no. 17-16127 (9th Cir. May 31, 2017). The complaint in that case states in its entirety the following:

> Denying me equal protection under the law by not informing me 1107 E-Desert Inn # 3 and 9 are observing me in my room. And that listening device is being use by them to spy on me. Obstruction of justice by not informing law enforcement that Apts. 3 and 9 are observing me in my room and that Apt 3 has hacked into my phone.

---

[3] Claims for "public corruption" and "obstruction of justice" are mostly codified in Title 18 of the United States Code. *See, e.g*, 18 U.S.C. 1503 (outlawing obstruction of judicial proceedings), 18 U.S.C. 1512 (same for witness tampering), 18 U.S.C. 1505 (same for obstruction of congressional or administrative proceedings); 18 U.S.C. § 201 (bribery of public officials and witnesses), 18 U.S.C. § 666 (theft or bribery concerning programs receiving federal funds). Title 18 of the United States Code covers crimes and criminal procedures. Such criminal allegations, however, are not properly brought forth in a civil complaint. These criminal provisions provide no basis for civil liability. *See, e.g*., *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980); *Williams v. Nevada Dep't of Corr*., No. 2:13-CV-00941-JAD, 2013 WL 6331033, at *4 (D. Nev. Dec. 4, 2013).

*Id*.

In *Albanese v. Las Vegas Metropolitan Police Department*, Albanese sued Metro for violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection and due process, and obstruction of justice. *See Albanese v. Las Vegas Metropolitan Police Department*, Case No. 2:17-cv-01633-JAD-VCF, ECF no. 1-1. The complaint in that case states the following:

> The Las Vegas Police Department refuse to arrest people who they know are observing me in my bedroom. They also knew on June 9, and June 12 that 1089 E. Desert Inn Apt 7 was stalking me and they refuse to question him. The LVMPD refuse to arrest the same man who stalks me everyday and the police are in collusion with him by not arresting him. The LVMPD are allowing people to stalk me. The police know who it is and when they are stalking. The police are guilty of obstruction of justice, denying me equal protection and violating my due process rights by not responding to my calls for help. The man stalking me June 12 along my route is being supported and funded by people who in collusion with him and those are supporting the stalker. When the police do respond they never talk to people stalking me (June 9 1089 E. Desert Inn #7, 1107 E. Desert Inn Apt 1 and 3) instead officer Woodson 9184 June 9 puts on blue gloves to intimidate me treating me like the criminal. The police never talked about the stalkers.

*Id*.

In *Albanese v. Las Vegas Metropolitan Police Department*, Albanese sued Metro for violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection and due process, and obstruction of justice. *See Albanese v. Las Vegas Metropolitan Police Department*, Case No. 2:17-cv-01640-MMD-VCF, ECF no. 1-1. The complaint states the following:

> Las Vegas Police Department 311 / 911 Heather 10183 and so many others are obstructing justice by saying I'm not being stalked June 13 at Desert Parkway Behavioral Hospital. 1107 E. Desert Inn Apts 3 and 9 are live streaming my image to Desert Parkway & June 12 to 1089 E. Desert Inn #7 when they stalked me. I call 311 / 911 and they act naive and act like F.B.I. C.I.A. & homeland security by saying they know no stalking is taking place.

*Id*.

In *Albanese v. Las Vegas Metropolitan Police Department*, Albanese sued Metro for violation of

her civil rights under 42 U.S.C. § 1983 by denying her equal protection and due process, and obstruction of justice. *See Albanese v. Las Vegas Metropolitan Police Department*, Case No. 2:17-cv-01634-RFB-CWH, ECF no. 1-1. The complaint states in its entirety the following:

> 311 / 911 are over reaching their authority by acting like F.B.I., CIA, Homeland Security, etc by saying I'm not being stalked, harassed or spied on all resulting in obstruction of justice, violating my due process to first have their facts straight and denying me equal protection under the law. All the 311 / 911 operators won't dispatch officers to help me because they concluded I wasn't be stalked because the person stalking me is sitting down. Some operators refuse to give me their names David Touner 8142 refused to tell me the name of the Sargeant. 8:45 am June 12 Swensen / Desert Inn 45 Police cars in the area and not one would help me or arrest the man stalking me. This stalker is being supported and funded by people and told to stalk me along my route. 311 / 911 told me to take a different route violating my civil rights to be allowed to walk about without fear of stalkings.

*Id*.

In *Albanese v. Las Vegas Metropolitan Police Department*, Albanese again sued Metro for violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection and due process, and obstruction of justice. *See Albanese v. Las Vegas Metropolitan Police Department*, Case No. 2:17-cv-01613-APG-PAL, ECF no. 1-1. The complaint states the following:

> Allowing my civil rights to be violated by allowing obstruction to help people stalk me. To deny me equal protection by not allowing law enforcement to arrest people stalking me on a daily basis when I exit my house. To obstruct by not arresting people who are informing on me to people who stalk me.

*Id*.

The claims and allegations in the above cases are directly related—and indeed nearly identical—to the issues raised in the complaint before this Court. Courts are not required to entertain duplicative or

redundant lawsuits and may dismiss them as frivolous or malicious under § 1915(e).[4]

### B. Order to Show Cause

#### a. Dismissal of Claims

Under § 1915(e)(2)(B), a district court "shall dismiss the case at any time if the court determines that … the action … (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The term "frivolous" when applied to a complaint embraces not only the inarguable legal conclusion but also the fanciful factual allegations. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Cato*, 70 F.3d at 1106. While an *in forma pauperis* complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

#### b. Requirements for Vexatious Litigant Order

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

---

[4] *See Cato*, 70 F.3d at 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008); *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous or malicious).

In deciding whether or not to restrict a litigant's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2nd Cir. 1986)). In doing so, the court should consider five factors: (1) "the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits;" (2) "the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?;" (3) "whether the litigant is represented by counsel;" (4) "whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel;" and (5) "whether other sanctions would be adequate to protect the courts and other parties." *Id*.

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong*, 912 F.2d at 1148. The Ninth Circuit, however, has cautioned the district courts by recognizing that vexatious litigant orders are an extreme remedy, and should rarely be entered. *Id*. (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F. 2d 1515, 1523-26 (9th Cir. 1984)). This is because such an order restricts access to the courts—the litigant's "final safeguard for vitally important constitutional rights." *Wood*, 705 F.2d at 1525. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. U.S.*, 906 F.2d 467, 470 (9th Cir. 1990) (citing *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982)).

Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *See Molski*, 500 F.3d at 1057 (citing *De Long*, 912 F.2d at 1147). This is a core requirement of due process. However, this does not necessarily require that a litigant have an opportunity to be heard at an oral hearing regarding the litigant potentially being declared vexatious. *Id*. at 1058-59; *Pac. Harbor*

8

*Capitol Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (finding "an opportunity to be heard does not require an oral or evidentiary hearing on the issue … [t]he opportunity to brief the issue fully satisfies due process requirements"). Instead, this requires the litigant had fair notice that he might potentially be declared a vexatious litigant. *Id*.

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id*. (quoting *De Long*, 912 F.2d at 1147). To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (quotation omitted).

Finally, a pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id*. (quotation omitted). A pre-filing order is overbroad if it prevents the litigant from filing any suit in the court, or applies to a suit against anyone when the record showed the plaintiff was litigious with respect to only one group of defendants. *Id*. at 1061. Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id*. at 1056.

### c. Enjoining Vexatious Litigant

If a litigant is deemed vexatious, she will be enjoined from filing any further action or papers in this district without first obtaining leave of the Chief Judge of this court. In order to file any papers, the vexatious litigant must first file an application for leave. The application must be supported by a declaration of plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by *any court*; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a reasonable investigation of the facts and investigation supports his claim or claims. A copy of the order deeming the litigant vexatious must be attached to any

9

application. Failure to fully comply will be sufficient grounds for denial of the application. *De Long*, 912 F.2d at 1146-47.

The Court orders Albanese to show cause in writing filed on or before Monday July 17, 2017, why she should not be declared a vexatious litigant. Failure to show cause why she is not a vexatious litigant may result in a report and recommendation to the district judge that she be declared a vexatious litigant.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Grace Albanese's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED, and this case is STAYED pending this order to show cause.

IT IS FURTHER ORDERED that Albanese is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *In Forma Pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Albanese must file a response to this Order on or before July 17, 2017. If Albanese fails to file a response, the Court may recommend that the District Court enter an order dismissing the complaint *with prejudice* and enjoining Albanese from filing in this district.

/ / /

/ / /

/ / /

**NOTICE**

Pursuant to Local Rule IB 3-1, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 15th day of June, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE