# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

| | |
|---|---|
| GRACE ALBANESE,<br><br>            Plaintiff,<br><br>vs.<br><br>THE FEDERAL BUREAU OF INVESTIGATION,<br><br>            Defendant. | Case No. 2:17-cv-01599-JAD-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>RESPONSE TO ORDER TO SHOW CAUSE (ECF No. 4) |
| GRACE ALBANESE,<br><br>            Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>            Defendant. | Case No. 2:17-cv-01600-JAD-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>RESPONSE TO ORDER TO SHOW CAUSE (ECF No. 3) |

Before the Court is Plaintiff Grace Albanese's Responses to the Court's Orders to Show Cause in the above captioned actions. For the reasons stated below, the Court recommends that Albanese be deemed a vexatious litigant.

## I. Background

### A. A Brief History of Albanese's Actions

Since March 2016, Albanese has filed 31 federal cases in the district of Nevada, 29 of which are currently ongoing, and 8 of which are assigned to this Magistrate Judge.[1] In 25 of Albanese's cases, she

---

[1] **(1)** *Albanese v. Federal Bureau of Investigations* 2:16-cv-00529-KJD-NJK (March 2016); **(2)** *Albanese v. Transportation Security Administration*, case no. 2:16-cv-00530-GMN-CWH (March 2016); **(3)** *Albanese v. Homeland Security of the United States, Las Vegas, NV*, case no. 2:16-cv-00531-RFB-VCF (March 2016); **(4)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:16-cv-00532-RFB-GWF (March 2016); **(5)** *Albanese v. Regional Transportation Commission of Southern Nevada*, case no. 2:16-cv-01882-APG-PAL (Aug. 2016); **(6)** *Albanese v. Las Vegas Metro Police Dept.*, case no. 2:17-cv-00577-GMN-PAL (Feb. 2017); **(7)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01087-GMN-GWF (April 2017); **(8)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01284-MMD-NJK

1

has sued either the Las Vegas Metropolitan Police Department ("Metro") or The Federal Bureau of Investigation (the "FBI").[2] Many of Albanese's actions assert the same set of allegations: unknown persons stalk or spy on Albanese in her room and when she travels about, sometimes using listening devices or even hacking into her phone, but federal and state law enforcement ignore her pleas for help and have not captured the wrongdoers. Albanese asserts similar legal claims in all her cases, *e.g.*, violations of her civil rights under 42 U.S.C. § 1983 by denying her due process and equal protection; public corruption; and obstruction of justice. The claims and allegations in many of Albanese's actions are repetitive and duplicative of each other.

On June 15, 2017, and June 19, 2017, the Court entered an order to show cause in case numbers

---

(May 2017); **(9)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01285-JCM-VCF (May 2017), *appeal docketed*, no. 17-16127 (9th Cir. May 31, 2017); **(10)** *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01286-JAD-PAL (May 2017); **(11)** *Albanese v. Department of Homeland Security*, case no. 2:17-cv-01287-JCM-PAL (May 2017); **(12)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01520-JAD-CWH (May 2017); **(13)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01544-RFB-PAL (June 2017); **(14)** *Albanese v. Las Vegas Metropolitan Police Department et al*, case no. 2:17-cv-01573-JCM-GWF (June 2017); **(15)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01574-RFB-PAL (June 2017); **(16)** *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01599-JAD-VCF (June 2017; **(17)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01600-JAD-VCF (June 2017); **(18)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01613-APG-PAL (June 2017); **(19)** *Albanese v. Federal Bureau Of Investigation*, case no. 2:17-cv-01614-JAD-PAL (June 2017); **(20)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01633-JAD-VCF (June 2017); **(21)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01634-RFB-CWH (June 2017; **(22)** *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01635-JAD-CWH (June 2017); **(23)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01640-MMD-VCF (June 2017); **(24)** *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01641-JAD-GWF (June 2017); **(25)** *Albanese v. Homeland Security*, case no. 2:17-cv-01642-RFB-GWF (June 2017); **(26)** *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01662-JAD-NJK (June 2017); **(27)** *Albanese v. Homeland Security*, case no. 2:17-cv-01663-JCM-NJK (June 2017); **(28)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01664-JCM-GWF (June 2017); **(29)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01735-JCM-PAL (June 2017); **(30)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01780-JCM-VCF (June 2017); and **(31)** *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01782-JCM-VCF (June 2017).

[2] The Court takes judicial notice of all filings on record in Albanese's actions in the District of Nevada. Rule 201 of the Federal Rules of Evidence provides for judicial notice of adjudicative facts that are, among other things, "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." All of Albanese's cases are available on the federal judiciary's Public Access to Court Electronic Records system, commonly known as "PACER." Judicial notice is properly taken of proceedings in other courts if those proceedings have a direct relation to matters at issue. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings from other federal court proceedings as matters of public record). Judicial notice is appropriate in this action because Albanese's litigation history is relevant to evaluating litigiousness and the proceedings and filings are readily verifiable.

2:17-cv-01599-JAD-VCF and 2:17-cv-01600-JAD-VCF. In the orders, the Court granted Albanese's requests to proceed *in forma pauperis* under § 1915(a). The Court reviewed the complaints and ordered Albanese "to show cause in writing … why she should not be declared a vexatious litigant." The orders noted that failure to file a timely response may result in a report and recommendation "to the district judge that [Albanese] be declared a vexatious litigant."

For both cases, Albanese timely filed identical responses to the Court's orders to show cause on June 21, 2017. In Albanese's responses, she begins by listing various "adjectives," including "fanciful factual allegation, without merit, frivolous, harassing, inarguable legal conclusions, duplicative redundant, irrational, wholly incredible." *See, e.g.*, *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01599-JAD-VCF, ECF No. 4 at 2 (June 21, 2012). Albanese acknowledges that she is "guilty of some but not all those adjectives." *Id*. But Albanese disagrees with her claims and allegations being labeled "without merit, frivolous, irrational, and wholly incredible" and argues that "[j]ust because they (my case log) sound so irrationally incredible that they are frivolously without merit does not preclude my cases from the truth." *Id*. After all, "who says the truth can't be crazy and crazy can't be the truth." *Id*. Albanese further states:

> And getting to the truth is more important to me than labels. I can't explain my situation … without showing the truth in real time by whoever is perpetrating it. No mention about collusion, duty to correct fanciful factual allegations by law enforcement that whatever I allege is untrue. If I could just continue returning to the Court to submit letters **I won't submit anymore duplicative, redundant cases** … Your Honor mentions so poi[g]nantly in his ruling that my 'filings are legion.' Once again, I need to explain all the suspicious activity taking place both in and out of my apartment. The redundancy is due to my poor relationship with 311 / 911. So I argue that Your Honor **allow me to continue filing my letters if I stop law suit activations** when am so hopelessly mad as hell. The slowness by the wheels-of-justice just add to all the harassment I'm going thru on a daily basis.

*Id*. at 3. (emphasis added in bold).

**B. Dismissal of Claims**

    **a. Legal Standards**

Under 28 U.S.C. § 1915(e)(2), a district court "shall dismiss the case at any time if the court determines that … the action … is (1) "frivolous or malicious"; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. The term "frivolous" when applied to a complaint embraces not only the inarguable legal conclusion but also the fanciful factual allegation. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). While an *in forma pauperis* complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato*, 70 F.3d at 1106 (citation omitted). *Pro se* litigants, however, "should not be treated more favorably than parties with attorneys of record," rather, they must follow the same rules of procedure that govern other litigants. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

    **b. Screening Albanese's Complaints**

Before the Court are two of Albanese's complaints. First, in *Albanese v. Federal Bureau of*

4

*Investigations*, case no. 2:17-cv-01599-JAD-VCF (June 8, 2017), Albanese brings suit against the FBI for (1) allegedly violating her civil rights under 42 U.S.C. § 1983 by denying Albanese equal protection; (2) public corruption; and (3) obstruction of justice.[3] *See Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01599-JAD-VCF, ECF No. 1-1 (June 8, 2017). The one-page complaint seeks damages of $500,000 and states in its entirety the following:

> OBSTRUCTION of Justice, denying me equal protection in allowing me to be stalked by the same male on a daily basis. Public Corruption by violating the Duty to correct policy under civility code of conduct in the F.B.I.

*Id.*

Second, in *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01600-JAD-VCF (June 8, 2017), Albanese brings suit against Metro for (1) allegedly violating her civil rights under 42 U.S.C. § 1983 by denying Albanese equal protection "for allowing the same male to stalk … [her] on a daily basis"; (2) public corruption; and (3) obstruction of justice.[4] *See Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01600-JAD-VCF, ECF No. 1-1 at 1 (June 8, 2017). The complaint states in its entirety the following:

> The Las Vegas Police Department on June 8, 2017 allowed a person of interest to continue stalking me. Desert Inn / Paradise 10:43 am he is so confident he is not going to be arrested for stalking he even waits for me to catch up with him then he departs the area as I am calling the police. The police who instead of catching up with the repeat stalker (10:34 am [unintelligible word] / Desert Inn); 10:30 am Cambridge / Desert Inn; the police are driving pass me with sirens blarring 11:27 am North on Paradise @ Convention Center as the stalker gets away to stalk me on my return trip home. Every day when I call for help the police never arrive to help.

---

[3] Claims for "public corruption" and "obstruction of justice" are mostly codified in Title 18 of the United States Code. *See, e.g.*, 18 U.S.C. 1503 (outlawing obstruction of judicial proceedings), 18 U.S.C. 1512 (same for witness tampering), 18 U.S.C. 1505 (same for obstruction of congressional or administrative proceedings); 18 U.S.C. § 201 (bribery of public officials and witnesses), 18 U.S.C. § 666 (theft or bribery concerning programs receiving federal funds). Title 18 of the United States Code covers crimes and criminal procedures. Such criminal allegations, however, are not properly brought forth in a civil complaint. These criminal provisions provide no basis for civil liability. *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980); *Williams v. Nevada Dep't of Corr.*, No. 2:13-CV-00941-JAD, 2013 WL 6331033, at *4 (D. Nev. Dec. 4, 2013).

[4] *See supra* note 3.

*Id.* at 2.

The claims and factual allegations raised in Albanese's complaints against the FBI and Metro are duplicative of those raised in other actions brought by Albanese. To illustrate, the Court has included the following examples.

### i. The Federal Bureau of Investigation

In *Albanese v. Federal Bureau of Investigations*, Albanese sued the FBI for violation of her civil rights under 42 U.S.C. § 1983 for denying her due process and equal protection, and obstruction of justice. *See Albanese v. Federal Bureau of Investigations*, Case No. 2:17-cv-01641-JAD-GWF, ECF no. 1-1 at 1 (June 13, 2017). The complaint in that case states in its entirety the following:

> The F.B.I. are aware that 1107 E. Desert Inn Apts 3 and 9 are observing me in my bedroom and on June 13 Desert Parkway Behavioral Hospital CNA's were waiting for me while seeing my image live streamed on their phones. June 12 1089 E. Desert Inn Apts 7 was live streamed my image when he stalked me. The F.B.I. is acting in collusion with Apts 3 and 9 who are com[m]itting criminal misconduct.

*Id.* at 2.

In *Albanese v. Federal Bureau of Investigations*, Albanese sued the FBI for violation of her civil rights under 42 U.S.C. § 1983 for denying her due process and equal protection, and obstruction of justice. *See Albanese v. Federal Bureau of Investigations*, Case No. 2:17-cv-01635-JAD-CWH, ECF no. 1-1 (June 12, 2017). The complaint in that case states the following:

> The F.B.I. refuse to help me when they know I'm being followed by the same man who is being supported and funded by people who want me to move. The F.B.I. refuse to help me when I am being stalked and they know by whom. The F.B.I. refuses to pull the plug on 1107 E. Desert Inn Apts 3 and 9 observation of me in my room. The F.B.I. know I'm being stalked and they won't help me. This is obstruction of justice, denying me due process and equal protection.

*Id.*

In *Albanese v. Federal Bureau Of Investigation*, Albanese sued the FBI for violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection, and obstruction of justice. *See Albanese v. Federal Bureau Of Investigation*, Case No. 2:17-cv-01614-JAD-PAL, ECF no. 1-1 (June 9, 2017). The complaint states the following:

> Allowing people to stalk me on a daily basis in violation of my equal protection. Allowing people to inform on me to people who are funding and supporting someone who stalks me on a daily basis allowing obstruction of the law to aid in stalking to continue.

*Id*.

In *Albanese v. Federal Bureau of Investigations*, Albanese sued the FBI for, *inter alia*, violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection, and obstruction of justice. *See Albanese v. Federal Bureau of Investigations*, Case No. 2:17-cv-01286-JAD-PAL, ECF no. 1-1 (May 8, 2017). The complaint states in its entirety the following:

> Complaint: Denying me equal protection under the law by not informing me that 1107 E. Desert Inn Apts 3 and 9 are observing me in my room. Obstruction of justice by not informing any law enforcement that I am being observed in my room and listening device is used by Apts. 3 and 9 to spy on me. Violating my 4, 5, 9, 14th and privacy rights. $500,000.00 demand … Not informing me Apt 3 has hacked into my phone.

*Id*.

In *Albanese v. Federal Bureau of Investigations*, Albanese sued the FBI for violation of her civil rights under 42 U.S.C. § 1983 for denying her due process and equal protection, and obstruction of justice. *See Albanese v. Federal Bureau of Investigations*, Case No. 2:17-cv-01662-JAD-NJK, ECF no. 1-1 at 2 (June 14, 2017). The complaint in that case states in its entirety the following:

> F.B.I. know I'm being stalked everyday and they refuse to help me. Same male is stalking me along my route AM & PM. He is being supported and funded by other parties and the F.B.I. won't get involved. Live streaming of me in my apartment is aiding and assisting people who stalk me, daily.

*Id.*

## ii. The Las Vegas Metropolitan Police Department

In *Albanese v. Las Vegas Metropolitan Police Department*, Albanese sued Metro for violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection, and obstruction of justice. *See Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01285-JCM-VCF, ECF no. 1-1 (May 8, 2017), *appeal dismissed for lack of jurisdiction*, court of appeals docket no. 17-16127, docket entry no. 3 (9th Cir. June 15, 2017). The complaint in that case states in its entirety the following:

> Denying me equal protection under the law by not informing me 1107 E-Desert Inn # 3 and 9 are observing me in my room. And that listening device is being use by them to spy on me. Obstruction of justice by not informing law enforcement that Apts. 3 and 9 are observing me in my room and that Apt 3 has hacked into my phone.

*Id.*[5]

In *Albanese v. Las Vegas Metropolitan Police Department*, Albanese sued Metro for violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection and due process, and obstruction of justice. *See Albanese v. Las Vegas Metropolitan Police Department*, Case No. 2:17-cv-01633-JAD-VCF, ECF no. 1-1 at 1 (June 12, 2017). The complaint in that case states the following:

> The Las Vegas Police Department refuse to arrest people who they know are observing me in my bedroom. They also knew on June 9, and June 12 that 1089 E. Desert Inn Apt 7 was stalking me and they refuse to question him. The LVMPD refuse to arrest the same man who stalks me everyday and the police are in collusion with him by not arresting him. The LVMPD are allowing people to stalk me. The police know who it is and when they are stalking. The police are guilty of obstruction of justice, denying me equal protection and violating my due process rights by not responding to my calls for help. The man stalking me June 12 along my route is being supported and funded by people who in collusion with him and those are supporting the stalker. When the police do respond they never talk to people

---

[5] *See also Albanese v. Department of Homeland Security*, case no. 2:17-cv-01287-JCM-PAL, ECF No. 1-1 (May 8, 2017) ("Complaint: Denying me equal protection under the law by not informing that 1107 E. Desert Inn #3 and 9 are observing me in my room. Obstruction of justice by not informing any law enforcement that I am being observed in my room and listening device is being used by Apts 3 and 9 to spy on me. Not informing me Apt 3 has hacked into my phone …").

8

> stalking me (June 9 1089 E. Desert Inn #7, 1107 E. Desert Inn Apt 1 and 3) instead officer Woodson 9184 June 9 puts on blue gloves to intimidate me treating me like the criminal. The police never talked about the stalkers.

*Id.* at 2.

In *Albanese v. Las Vegas Metropolitan Police Department*, Albanese sued Metro for violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection and due process, and obstruction of justice. *See Albanese v. Las Vegas Metropolitan Police Department*, Case No. 2:17-cv-01640-MMD-VCF, ECF no. 1-1 at 2 (June 13, 2017). The complaint states the following:

> Las Vegas Police Department 311 / 911 Heather 10183 and so many others are obstructing justice by saying I'm not being stalked June 13 at Desert Parkway Behavioral Hospital. 1107 E. Desert Inn Apts 3 and 9 are live streaming my image to Desert Parkway & June 12 to 1089 E. Desert Inn #7 when they stalked me. I call 311 / 911 and they act naive and act like F.B.I. C.I.A. & homeland security by saying they know no stalking is taking place.

*Id.* at 1.

In *Albanese v. Las Vegas Metropolitan Police Department*, Albanese sued Metro for violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection and due process, and obstruction of justice. *See Albanese v. Las Vegas Metropolitan Police Department*, Case No. 2:17-cv-01634-RFB-CWH, ECF no. 1-1 at 1 (June 12, 2017). The complaint states in its entirety the following:

> 311 / 911 are over reaching their authority by acting like F.B.I., CIA, Homeland Security, etc by saying I'm not being stalked, harassed or spied on all resulting in obstruction of justice, violating my due process to first have their facts straight and denying me equal protection under the law. All the 311 / 911 operators won't dispatch officers to help me because they concluded I wasn't be stalked because the person stalking me is sitting down. Some operators refuse to give me their names David Touner 8142 refused to tell me the name of the Sargeant. 8:45 am June 12 Swensen / Desert Inn 45 Police cars in the area and not one would help me or arrest the man stalking me. This stalker is being supported and funded by people and told to stalk me along my route. 311 / 911 told me to take a different route violating my civil rights to be allowed to walk about without fear of stalkings.

*Id*. at 2.

In *Albanese v. Las Vegas Metropolitan Police Department*, Albanese again sued Metro for violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection, and obstruction of justice. *See Albanese v. Las Vegas Metropolitan Police Department*, Case No. 2:17-cv-01613-APG-PAL, ECF no. 1-1 (June 9, 2017). The one-page complaint states the following:

> Allowing my civil rights to be violated by allowing obstruction to help people stalk me. To deny me equal protection by not allowing law enforcement to arrest people stalking me on a daily basis when I exit my house. To obstruct by not arresting people who are informing on me to people who stalk me.

*Id*.

In *Albanese v. Las Vegas Metropolitan Police Department*, Albanese sued Metro for violation of her civil rights under 42 U.S.C. § 1983 by denying her equal protection and due process, and obstruction of justice. *See Albanese v. Las Vegas Metropolitan Police Department*, Case No. 2:17-cv-01664-JCM-GWF, ECF no. 1-1 at 2 (June 14, 2017). The complaint states the following:

> LVMPD are aware I'm being stalked and do nothing to stop the stalkings. Same male is stalking plaintiff along her route AM & PM and LVMPD won't get involved. Other stalkings take place by various other individuals that LVMPD are aware of and they allow it to take place Live streaming of me in my apartment is aiding and assisting people who stalk me.

*Id*.

### c. Discussion

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of a cause of action's elements will not do." *See Twombly,* 550 U.S. at 545. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980); *see also* 5B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 1357 (3d ed. 2010).

As demonstrated above, many of the claims and allegations in the above cases are directly related—and indeed nearly identical—to the issues raised in the complaints before this Court. Albanese's complaints should be dismissed as frivolous because the claims and allegations are repetitive and duplicative of Albanese's other pending actions.

Courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious under § 1915(e). *See, e.g.*, *Cato*, 70 F.3d at 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims); *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008); *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous or malicious).

The claims raised in Albanese's complaints are directly related to those raised in other actions brought by Albanese. Accordingly, such claims are improperly raised in the complaints, as they are

11

frivolous and should be dismissed. *See Cato*, 70 F.3d at 1106 (citation omitted).

**C. Vexatious Litigant**

    **a. Requirements for Vexatious Litigant Order**

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

Flagrant abuse of the judicial process cannot be tolerated because it "enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *See Molski*, 500 F.3d at 1057 (quoting *DeLong*, 912 F.2d at 1148). Vexatious litigant orders, however, are an extreme remedy, and should rarely be entered. "[T]he right of access to the courts is a fundamental right protected by the Constitution." *See Ringgold-Lockhart*, 761 F.3d at 1061 (quoting *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998)). And restricting that access is a serious matter. *Id*. ("The First Amendment 'right of the people … to petition the Government for a redress of grievances,' which secures the right to access the courts, has been termed 'one of the most precious of the liberties safeguarded by the Bill of Rights.'" (quoting *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 524-25 (2002))); *see also Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause); *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (comparing the profligate use of pre-filing orders to restrict the vexatious litigant's right of access to the courts to hanging a "Sword of Damocles … over his hopes for

federal access for the foreseeable future.").

Out of regard for the constitutional underpinnings of this right, pre-filing orders should be filed only if district courts comply with certain procedural and substantive requirements. *See De Long*, 912 F.2d at 1147. When district courts seek to declare a litigant vexatious and impose pre-filing restrictions, they must: (1) provide litigants with notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *See Ringgold-Lockhart*, 761 F.3d at 1062 (citing *De Long*, 912 F.2d at 1147-48).

The first two factors, providing litigants with adequate notice and an opportunity to be heard and compiling an adequate record for appellate review, are procedural requirements. *Id.* (citing *Molski*, 500 F.3d at 1058); *Pac. Harbor Capitol Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (finding "an opportunity to be heard does not require an oral or evidentiary hearing on the issue … [t]he opportunity to brief the issue fully satisfies due process requirements"). To the contrary, the "latter two factors … are substantive considerations … [that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id.* In "applying the two substantive factors," to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate," the Ninth Circuit has held that a separate set of considerations provides "a helpful framework," including:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties

13

> or has posed an unnecessary burden on the courts and their personnel; and
> (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.*

Ultimately, in deciding whether or not to restrict a litigant's access to the courts, the question the court must answer is "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *See Molski*, 500 F.3d at 1058 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2nd Cir. 1986)).

### b. Discussion

Upon considering the five factors, the Court finds that Albanese "is likely to continue to abuse the judicial process," and should be deemed vexatious. *See Molski*, 500 F.3d at 1058. As discussed above, Albanese has a history of filing numerous duplicative and frivolous lawsuits concerning the same allegations and claims against the same defendants. Both the number and content of Albanese's filings serve as an indicia of the frivolousness of her claims. *See Ringgold-Lockhart*, 761 F.3d at 1064 (citing *De Long*, 912 F.2d at 1148). Additionally, Albanese's numerous meritless lawsuits and the voluminous filings show a litigation history amounting to a "pattern of harassing litigation." *See De Long*, 912 F.2d at 1148, n.3 ("the filing of several similar types of actions constitutes an intent to harass the defendant or the court."). The first factor, Albanese's litigation history, thus supports restricting her access to the court.

The second factor for consideration is Albanese's motive in bringing these suits. *See Ringgold–Lockhart*, 761 F.3d at 1062. Although filing motions and lawsuits is not *per se* vexatious, Albanese has engaged in a pattern of frivolous litigious conduct and harassment. Albanese's motive, when looked at objectively, supports a finding that Albanese is a vexatious litigant. The second factor weighs in favor of restricting Albanese's access to the court.

Under the third factor, the Court notes that Albanese is a *pro se* litigant in this case. Courts are

generally protective of the right of *pro se* litigants to enter the court. Nevertheless, courts are entitled to enjoin *pro se* litigants with "abusive and lengthy" litigation histories. *See De Long*, 912 F.2d at 1147. The court is not barred from placing pre-filing restrictions on *pro se* litigants, but the court must exercise particular caution in crafting a pre-filing order that will not unduly limit the *pro se* litigant's general access to the courts.

The fourth factor for consideration is whether Albanese has caused needless expense to other parties or unnecessarily burdened the courts. *See Ringgold–Lockhart*, 761 F.3d at 1062. Albanese's voluminous and frivolous filings in the District of Nevada, as described above, have caused the courts to expend a huge amount of judicial resources to the detriment of other litigants who need and deserve the Court's attention. This factor weighs against Albanese.

The fifth factor for consideration is whether sanctions other than a pre-filing order could adequately protect the Court and other parties. Albanese's continued filing of harassing and frivolous litigation in this district is an abusive litigation practice that has interfered with the Court's management of its docket, wasted judicial resources, and threatened the integrity of the orderly administration of justice. Sanctions would be inadequate in serving to protect the parties and the courts. Merely dismissing one of Albanese's lawsuits would do nothing to deter her from bringing more.

Albanese was given an opportunity to respond to the Court's orders to show cause why she should not be declared a vexatious litigant. In her responses, Albanese acknowledged her numerous filings, but expressed to the Court her "need to explain all the suspicious activity taking place both in and out of [her] apartment." *See, e.g.*, *Albanese v. Federal Bureau of Investigations*, case no. 2:17-cv-01599-JAD-VCF, ECF No. 4 at 3 (June 21, 2012). Albanese pledged that "[i]f [she] could just continue returning to the Court to submit letters [she] won't submit anymore duplicative, redundant cases." *Id*. Albanese then pleaded with the Court that the Court "allow me to continue filing my letters if I stop law suit activations

15

…" *Id*. The clarity of Albanese's arguments and expressions in her responses as well as her compunctions for her numerous filings appear to be sincere and have been taken into consideration by the Court. Yet the role of the courts is to provide a forum to resolve disputes and uphold the rule of law; not to act as an outlet for Albanese to "submit letters" voicing her frustration with other people, federal or state law enforcement agencies, or the "slowness by the wheels-of-justice."

Even so, the Court was initially inclined not to recommend that Albanese be deemed a vexatious litigant. But since Albanese filed her responses to the Court's orders to show cause on June 21, 2017, specifically representing that she "won't submit anymore duplicative, redundant cases" and that she would "stop law suit activations," Albanese has filed three additional lawsuits—all against Metro—alleging allegations and claims nearly identical to her previous lawsuits. *See Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01735-JCM-PAL (June 23, 2017); *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01780-JCM-VCF (June 28, 2017); and *Albanese v. Las Vegas Metropolitan Police Department*, case no. 2:17-cv-01782-JCM-VCF (June 28, 2017). Accordingly, the Court is forced to conclude that the only way to effectively stop Albanese from her frivolous and harassing filings is to require her to seek leave of the court before filing a new action.

### c. Enjoining Vexatious Litigant

If a litigant is deemed vexatious, she will be enjoined from filing any further action or papers in this district without first obtaining leave of the Chief Judge of this court. In order to file any papers, the vexatious litigant must first file an application for leave. The application must be supported by a declaration of plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by *any court*; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a reasonable investigation of the facts and investigation supports his claim or claims. A copy of the order deeming the litigant vexatious must be attached to any

16

application.  Failure to fully comply will be sufficient grounds for denial of the application.  *See De Long*, 912 F.2d at 1146-47.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED:

1. Plaintiff Grace Albanese's complaints in the above captioned cases be DISMISSED.

2. Plaintiff Grace Albanese be deemed a vexatious litigant pursuant to 28 U.S.C. § 1651(a) and be ENJOINED and PROHIBITED from filing any complaint, petition, or other document in this court without first obtaining leave of this court.

3. The Court enter an order stating that if Plaintiff Grace Albanese intends to file any papers with the court, she must first seek leave of the Chief Judge of this court in accordance with the procedure outlined above.

4. The Clerk of Court be authorized to reject and refuse to file, and/or discard any new complaint, petition, document on a closed case, or any other document submitted in violation of the Order.

/ / /

/ / /

/ / /

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 29th day of June, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE